Jackson v. Pittsburgh, Allegheny & Manchester Traction Co., Appellant.

*Negligence—Electric railway—Crossings.*

In an action against a company operating an electric railway to recover damages for personal injuries, it is proper to submit the case to the jury, where there is evidence that plaintiff, while driving a loaded wagon, turned out of one of the tracks upon which he had been driving and attempted to cross diagonally the other track, and in doing so was struck by a car on the other track and injured; that when he undertook to cross the second track he had sufficient time to get over safely, if the car had been running at its proper and usual rate of speed, but that the car was running at an unusually high rate of speed.

*Rate of speed as evidence of contributory negligence.*

In such a case it is not improper for the company to prove its own gross negligence in running the car at an unduly high speed, for the purpose of showing the danger to which the plaintiff exposed himself in attempting to cross the second track; but, at the same time, plaintiff is entitled to the benefit of the admitted or proved facts, so far as they have any bearing on the question of defendant's negligence.

Argued Nov. 14, 1893. Appeal, No. 216, Oct. T., 1893, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1892, No. 585, on verdict for plaintiff, R. T. Jackson. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries. Before COLLIER, J.

At the trial there was evidence to the effect that defendant company operated two tracks of an electric railway upon Federal street in Allegheny city. On May 16, 1892, plaintiff was

driving a loaded wagon on the west track, and on nearing Isabella street he attempted to cross from the west track diagonally across the east track to get into Isabella street. In doing so his wagon was struck by a car on the east track, and he was injured. Evidence for plaintiff tended to show that the car was running at a very high rate of speed, and that plaintiff had plenty of time to get over safely if the car had been running at its proper and usual rate of speed.

The court charged in part as follows:

"I will give you both theories of the defendant deduced by his counsel from the evidence. The learned counsel for defendant alleges that the plaintiff was negligent himself in contributing to the injury in this: He alleges that he had a heavily loaded wagon, and that he undertook to cross in a diagonal manner; that the way was clear and he could see the car, but he undertook to cross without stopping when it was within forty feet, two ordinary houses, from where he was struck; that he undertook to cross without stopping when the car was very close and in full view of him, took the risk, undertook to cross but did not get across, and was injured.

" That is the theory that he thinks the evidence sustains. If you find from the evidence that that is true, that this plaintiff, when the car was only forty or fifty feet away, saw or ought to have seen that the car was coming at a rapid rate of speed and did not stop and let it go by, he was himself guilty of contributory negligence as a matter of law, because that we are all bound to do. It is not necessary to tell you that if you see a car coming within fifty feet of you down grade and you do not stop and let it go by, but choose to take the risk, you could not recover. That is the defendant's theory, and if you find that to be true the plaintiff cannot recover, because his own negligence contributed to the accident.

" [The theory of the plaintiff is altogether different from that, and the witnesses on his side, as well as the witnesses on the defendant's side, tend to corroborate his theory. It is this: In coming down he wanted to go into Isabella street, which was open; that this car when he started over was up at the bridge over two hundred feet away; that he then undertook to go across into Isabella street in a diagonal manner, having plenty of time to get over safely if the car had been running at its

proper and usual rate of speed, but that when he got his horse off the track, in a short time, although he tried to get over a little more rapidly towards the end, the car came down with such speed as to catch him and injure him.] [2]

" If you find that from the evidence, and you find that, under such circumstances—because he was bound to see. the way was clear—a reasonably prudent and careful man would have done just what he did, then he did no more than he had a right to do. That raises the question of contributory negligence, and if you find that proposition in favor of the defendant, then the plaintiff cannot recover. But if you find the facts as the plaintiff says, and that a reasonably prudent and careful man would have done that way, taking all the circumstances, the street and the place, and everything connected with it into consideration, then the remaining question is one of damages."

Defendant's request for binding instructions was refused. [1] Verdict and judgment for plaintiff for $500.

*Errors assigned* were (1–2) instructions, quoting them.

*A. M. Neeper*, for appellant, cited: Carson v. Ry., 147 Pa. 224; R. R. v. Bell, 122 Pa. 58; Moore v. R. R., 108 Pa. 349; Ehrisman v. R. R., 150 Pa. 187.

*J. S. Ferguson, E. G. Ferguson* with him, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Dec. 30, 1893:

One of the specifications of error is the refusal of the court to direct a verdict for defendant; the other is to part of the charge. The latter may be dismissed with the remark that, in charging as therein recited, the learned trial judge was fully warranted by the testimony. As to the former, it appears that material questions of fact, clearly for the consideration of the jury, were presented by the testimony, and hence submission of the same to the jury was not only proper but necessary. To have withdrawn the case from their consideration, as requested by defendant, would have been manifest error. The instructions, accompanying the submission of said questions, were quite as favorable to the company as it could reasonably ask. Nearly

all of them were in the very language of its first six points for charge, each of which was affirmed without qualification.

While the questions of negligence and contributory negli- gence were both involved in the issue, it was practically conceded that plaintiff's injury was caused by the company's negligence in recklessly running its car at a dangerously high rate of speed. This was so conclusively shown by the testimony adduced on behalf of the plaintiff that the jury could not have found other- wise without discrediting his witnesses. Moreover, the defend- ant virtually admitted the correctness of plaintiff's contention in that regard by putting in evidence his " statement " in this case, particularly that part which reads as follows : " Neverthe- less the defendant company, its duty wholly disregarding, so carelessly and negligently operated its said cars that the plain- tiff heretofore, to wit, on the 16th day of May, 1892, while driv- ing his wagon with due and ordinary care and prudence across the tracks of said company on Federal street, to wit, at the cor- ner of Federal and Isabella street in the city of Allegheny . . . . was run down by one of the cars of said defendant company running over the said defendant company's west bound track on Federal street, which said car was being run at a rapid and reckless rate of speed, to wit, at the rate of twenty miles an hour. . . . That no notice was given of the approach of said car, the bell not being rung until said car was almost upon said plaintiff." This, as stated by counsel, was " for the purpose of showing that the plaintiff had full notice of the rapid rate of speed at which the car was run, and for the further purpose of showing that before the car reached him the gong was sounded."

The right of defendant company to thus prove its own gross negligence for the purpose of showing the danger to which plaintiff exposed himself in attempting to cross over into Isa- bella street, etc., must be conceded ; but, at the same time, plaintiff was clearly entitled to the benefit of the admitted or proved facts, so far as they have any bearing on the question of defendant's negligence.

It is evident from what has been said that the only practically open questions in the case were those relating to the alleged contributory negligence of the plaintiff and the amount of dam- ages to which he was entitled, if any. Both of these were ques- tions of fact, exclusively for the consideration of the jury ; and

to them they were fairly submitted with full and adequate instructions, quite as favorable to the defendant company as it could ask.   As to the question of contributory negligence, the instructions were in the very language of the defendant's second to sixth points inclusive ; and these points are so framed as to meet every phase of the testimony bearing on that question.

The verdict and judgment are so clearly in harmony with the law and the evidence that the defendant had no reason to be dissatisfied with any of the rulings of the court below.   Further discussion of the case is unnecessary.   The principles of law involved are so familiar that citation of authorities is not required.

Judgment affirmed.